CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CORKY RAY ROSE, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24-cv-00542 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. CRYSTAL LARGE, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Corky Ray Rose ("Plaintiff"), proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against Defendant Crystal Large ("Defendant"). (*See* Compl. [ECF No. 1].) Now before the Court are Defendant's motions to dismiss (ECF Nos. 13, 22) and Plaintiff's motion to amend his complaint. (ECF No. 19.) For the following reasons, the court will deny Plaintiff's motion to amend, grant Defendant's motion to dismiss Plaintiff's original complaint, and deny Defendant's motion to dismiss Plaintiff's amended complaint as moot.

**I.**

Plaintiff's initial complaint was based on his allegations that "the nursing staff" at Southwest Virginia Regional Jail Authority – Duffield removed a cyst from his head without sterilizing "anything," causing him "to almost die." (*See* Compl. 2.) Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. (*See* Def.'s Mot. to Dismiss [ECF No. 13].) Three weeks after the motion to dismiss was full briefed and became ripe for review, Plaintiff moved to amend his complaint. (*See* Pl.'s Mot. to Am. Compl. [ECF No. 19].) Because Plaintiff's motion was not accompanied by a proposed amended complaint, the court—without granting or

denying the motion—ordered Plaintiff to file a proposed amended complaint so the court could evaluate whether any amendment would be futile, especially in light of the arguments raised in Defendant's motion to dismiss his original complaint. (*See* Order, Aug. 4, 2025 [ECF No. 21].)

Plaintiff timely filed an amended complaint, which the court construes as a proposed amended complaint. (*See* Am. Compl. [ECF No. 21].) In the proposed amended complaint, Plaintiff alleges that, on July 18, 2024, while he was incarcerated at Duffield Regional Jail, Defendant[1] removed a cyst from his head "without sterilizing anything" and "causing him to almost die." (*Id.* at 5.) Plaintiff further alleges he was hospitalized from July 22, 2024, through July 26, 2024, with a MRSA staff infection. (*Id.*)

Defendant filed a motion to dismiss the amended complaint, arguing that the proposed amended complaint also fails to state a plausible § 1983 claim. (Def.'s Mot. to Dismiss Am. Compl. [ECF No. 22].) Because the court has not yet granted Plaintiff's motion to amend, the court construes Defendant's motion to dismiss as a response in opposition to Plaintiff's motion to amend and considers the arguments set forth in that motion as contending that the proposed amendments would be futile.

---

[1] The brief statement of facts in Plaintiff's proposed amended complaint does not use any names or pronouns to refer explicitly to Defendant or any other person or entity. (*See* Am. Compl. 5.) However, his short summary follows questions on the complaint form, which the court can reasonably infer that Plaintiff was answering in his statement of facts. (*See id.*) For example, the form asks, "*When and where did these events occur?*" Plaintiff wrote "Duffield Regional Jail Duffield, VA" without any further explanation. (*Id.*) Given that one question preceding his allegations states, "*What action did each defendant take or fail to take that violated your rights?*" and that Defendant is the only named Defendant, the court draws the reasonable inference in Plaintiff's favor that his statement, "[r]emoved a cyst from my head without sterilizing anything" refers to Defendant's alleged actions. (*Id.*)

- 2 -

## II.

After a defendant has filed a Rule 12(b) motion in response to a complaint, a plaintiff may only amend his or her complaint with the consent of the opposing party or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Although motions to amend are to be liberally granted, "a district court may deny leave if amending the complaint would be futile—for example, if the proposed amended complaint fails to satisfy the requirements of the federal rules, including Rule 12(b)(6)." *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 113 (4th Cir. 2025) (citations and internal quotation marks omitted); *see also Faby v. CSX Transp., Inc.*, No. 20-2374, 2021 WL 4452430, at *2 (4th Cir. Sept. 29, 2021) ("An amendment is futile 'if the proposed amended complaint fails to state a claim.'") (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

To survive Rule 12(b)(6) scrutiny (and therefore futility review), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw*, 59 F.4th at 127. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief" as required by Rule 8. *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

The court construes Plaintiff's complaint as claiming that Defendant was deliberately indifferent to his medical needs. The standard governing such claims depends on the plaintiff's

status at the time of the alleged indifference. When a plaintiff was a pretrial detainee at the time of the alleged deliberate indifference, the plaintiff's claims arise under the Fourteenth Amendment, which protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that [are] excessive in relation to that purpose." *Jenkins v. Woodard*, 109 F.4th 242, 250 n.3 (4th Cir. 2024) (quoting *Short v. Hartman*, 87 F.4th 593, 599); *see Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) ("'[S]ince [the plaintiff] was a pretrial detainee and not a convicted prisoner, the Fourteenth Amendment, and not the Eighth Amendment, governs his claim.") (citations and internal quotation marks omitted). When the plaintiff was a convicted prisoner at the time of the alleged indifference, however, his claims arise under the Eighth Amendment's prohibition on cruel and unusual punishment. *See Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) ("Because 'adequate . . . medical care' is a basic condition of humane confinement, a prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

In his proposed amended complaint, Plaintiff does not allege whether he was a pretrial detainee or a convicted prisoner at the time his cyst was removed.[2] (*See* Am. Compl. 1–9.) It appears that, without offering any further explanation, Plaintiff and Defendant both assume that the Eighth Amendment governs this case. (*See* Am. Compl. 5 (claiming that Plaintiff's Eighth Amendment rights have been violated); Memo. in Supp. of Def.'s Mot. to Dismiss Am. Compl. 4–6 (citing and applying Eighth Amendment standard).) But without any direction

---

[2] Plaintiff's original complaint also does not say whether he was a pretrial detainee or convicted prisoner at the time of the cyst removal and subsequent hospitalization. (*See generally* Compl.)

- 5 -

from the complaint itself, the court cannot say for certain at this stage that the Eighth Amendment governs. Accordingly, the court will evaluate Plaintiff's claims under both the Eight and Fourteenth Amendment standards.

To establish a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege facts sufficient to show that (1) the deprivation was sufficiently serious and (2) the prison officials acted with a sufficiently culpable state of mind toward the prisoner's medical needs. *Pfaller*, 55 F.4th at 445. To satisfy the second prong, the plaintiff must allege that the official (a) had "actual knowledge of the risk of harm to the inmate" and (b) "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (cleaned up)). Put simply, a defendant "acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019) (citing *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)) And although the defendant need not act with "actual purposive intent," "mere negligence" is not enough. *Pfaller*, 55 F.4th at 445 (citation omitted).

Plaintiff's proposed amended complaint—like his initial complaint—fails to state a plausible Eighth Amendment deliberate-indifference claim because it lacks any allegation that Defendant *knew* that the medical tools used were not sterilized and thus recognized that her actions were insufficient to mitigate the risk of harm to Plaintiff. Plaintiff's version of events leaves open the possibility that Defendant's actions were merely negligent rather than deliberately indifferent. *See Moreno v. Bosholm*, --- F.4th ---, No. 23-6890, 2025 WL 2371118, at

- 6 -

*20 (4th Cir. Aug. 15, 2025) ("[T]he 'inadvertent failure to provide adequate medical care' does not amount to deliberate indifference and that '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)); *cf. Pevia v. Wexford Health Sources, Inc.*, No. CV ELH-16-3810, 2019 WL 651770, at *13 (D. Md. Feb. 14, 2019) (holding allegations that the defendant's failure to properly sterilize equipment before steroid injection, which caused an infection, could not support an Eighth Amendment deliberate indifference claim where the defendant's action were the result of "negligence" or "malpractice"). Because Plaintiff has not offered sufficient allegations to move his claims from merely possible to plausible, he has not stated a claim for which relief may be granted under the Eighth Amendment standard. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The proposed amended complaint also fails to state a plausible claim for relief under the less demanding Fourteenth Amendment standard. To state a claim for deliberate indifference to a medical need in violation of the Fourteenth Amendment, a detainee must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2631 (2024). Assuming Plaintiff's cyst and the risk of infection satisfy the first element of Plaintiff's Fourteenth Amendment claim and that his hospitalization satisfies the fourth element, Plaintiff's claim

nevertheless fails because has not alleged that Defendant knew or should have known that her actions posed an unjustifiably high risk of harm to him. (*See* Am. Compl. 5.) Although in the Fourteenth Amendment context, unlike in the Eighth Amendment context, a plaintiff can succeed by showing that the defendant *should have known* that his or her actions posed an unjustifiably high risk of harm, this standard still requires some showing of recklessness on the part of the defendant. *See Short*, 87 F.4th at 611 ("Recklessness is a lower bar than intent, but a higher bar than negligence."). Negligence, just like in the Eighth Amendment context, is not enough. *Id.* at 611–12 ("[I]t is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee."). Because nothing in the proposed amended complaint (or Plaintiff's original complaint) suggests Defendant acted knowingly or recklessly rather than simply negligently, Plaintiff has not stated a claim for deliberate indifference under the Fourteenth Amendment.

## IV.

For these reasons, Plaintiff's motion to amend his complaint will be denied as futile. Further, because Plaintiff's original complaint suffers the same deficiencies as his proposed amended complaint, Defendant's motion to dismiss the original complaint will be granted and this case will be dismissed. Defendant's motion to dismiss the amended complaint will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 5th day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
